IN THE SUPREME COURT OF THE STATE OF NEVADA

BOARD OF REGENTS OF THE
NEVADA SYSTEM OF HIGHER
EDUCATION ON BEHALF OF THE
UNIVERSITY OF NEVADA, RENO,
Appellant,
vs.
WORTH GROUP ARCHITECTS, P.C., A
COLORADO CORPORATION,
Respondent.

No. 81598

FILED

DEC 0 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment in a contract action. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Appellant Board of Regents of the Nevada System of Higher Education, which controls the University of Nevada, Reno (UNR), contracted with respondent Worth Group Architects, P.C. (WG) to design updates to UNR's Mackay Stadium.[1] The parties' contracts required WG to provide architectural designs that complied with all applicable Americans with Disabilities Act Accessibility Guidelines (ADA Guidelines). After construction on the stadium was completed, it was discovered that the designs, and therefore the stadium, failed to comply with the ADA Guidelines. This discovery prompted a redesign that also failed to comply with the applicable ADA Guidelines. The district court concluded that UNR's claims were preempted by the ADA and that UNR was attempting

---

[1]We do not recount the facts except as necessary to our disposition.

21-34282

to contractually delegate ADA compliance to WG, which is contrary to this court's decision in *Rolf Jensen & Associates, Inc. v. Eighth Judicial District Court*, 128 Nev. 441, 282 P.3d 743 (2012). The district court granted summary judgment with regard to UNR's contractual claims and UNR appeals that decision.

UNR argues the district court erred in granting WG summary judgment because the ADA does not preempt this action and the district court misapplied *Rolf Jensen* because UNR is seeking damages for breach of contract, not indemnification. We agree.

We review a district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Whether state law claims are preempted by federal law is a question of law that we review de novo, without deference to the findings of the district court." *Rolf Jensen*, 128 Nev. at 445, 282 P.3d at 746. Here, WG allegedly failed to carry out its contractual duties and UNR is simply asking WG to pay for those shortcomings in its contractual performance. This is distinct from the circumstances in *Rolf Jensen* where a resort sought indemnification from its construction consultant for costs associated with retrofitting the resort to comply with the ADA as required by a DOJ settlement. UNR is not seeking indemnification nor is it seeking contribution here. A right to indemnity does not even arise until payment has been made upon a final judgment or settlement, *Rodriguez v. Primadonna Co.*, 125 Nev. 578, 589-90, 216 P.3d 793, 801 (2009); neither of which has occurred in this case. As for contribution, no party has been found liable in tort for any injury, so the instant litigation does not involve a contribution claim. *See* NRS 17.225(1) ("where two or more persons

SUPREME COURT
OF
NEVADA

(O) 1947A

2

become . . . liable in tort for the same injury to person or property . . . there is a right of contribution.").

As aptly stated by the Ninth Circuit, public entities must sometimes contract with private contractors to carry out their responsibilities, including creating or remedying structures such that they are ADA-compliant. *See City of Los Angeles v. AECOM Services, Inc.*, 854 F.3d 1149, 1157-58 (9th Cir. 2017). This means that public entities should be able, as a matter of public policy, to require vendors to provide products or services in accordance with ADA principles. *Id.*

The state law claims at issue in this case are not preempted by the ADA because they do not pose "an obstacle to the accomplishment of Congress's objectives." *Rolf Jensen*, 128 Nev. at 445, 282 P.3d at 746. Congress's objectives in enacting the ADA are to prevent and remedy discrimination against individuals with disabilities. *Id.* at 446-447, 282 P.3d at 747; *see also* 42 U.S.C. § 12101(b) (2009). Allowing UNR to collect damages on the basis that WG signed a contract to perform certain services that happened to involve ADA-compliance, then allegedly failed to do so, does nothing to undermine those Congressional objectives. UNR is not trying to abdicate its responsibility for ADA compliance, but rather is simply trying to hold WG accountable for a contractual promise that it claims WG did not fulfill and collect damages limited to those caused by WG's alleged breach. We conclude that UNR's claims were not preempted, and therefore summary judgment should not have been granted to WG on that basis.[2] Accordingly, we

---

[2]WG raises numerous arguments on appeal that either were not presented below, and thus we will not consider them, *see Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557 n.6, 170 P.3d 508, 512 n.6 (2007)

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Barry L. Breslow, District Judge
University of Nevada, Reno, Office of General Counsel
W&D Law, LLP
Washoe District Court Clerk

---

("The district court did not address this issue. Therefore, we need not reach the issue."), or do not warrant different relief.